UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Craig Hawthorne | : | Case No.: |
| Plaintiff | : | **COMPLAINT** |
| v. | : | |
| The Prudential Life Insurance Company of America | : | |

Plaintiff, Craig Hawthorne, for his Complaint against Defendant The Prudential Insurance Company of America ("Prudential") states as follows:

1. Mr. Hawthorne is an individual who resides in Newport, Maine, and who is or was a participant in a long term disability plan ("the Plan") sponsored by his former employer Sonoco Products Company, for who he worked as a Spiral Technician.

2. The Plan is funded through a group long term disability insurance policy issued by Prudential to Sonoco Products Company (the "Policy").

3. Prudential was the administrator for all long term disability claims filed under the Policy.

4. Prudential is a foreign company with its principal location of business in Newark, New Jersey.

5. Prudential acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations and payments made pursuant to the Policy.

6. Mr. Hawthorne brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Prudential because, per ERISA 502(e), it undertook to insure and administer an ERISA plan that affected participants in this District.

**Claim for Relief**

7. The Policy provides that Prudential will pay long term disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as follows:

> You are disabled when Prudential determines that:
>
> You are unable to perform the material and substantial duties of your regular occupations due to your sickness or injury; and you are under regular care of a doctor, and you have a 20% of more loss in your monthly earnings due to that sickness or injury
>
> After 24 month of payments, you are disabled when Prudential determines that due to the same sickness or injury you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and you are under the regular care of a doctor.

9. Mr. Hawthorne initially stopped working on September 11, 2017 due to severe neck, back, and shoulder pain caused by a car collision in which he struck his head that occurred on August 22, 2017.

10. The trauma of this accident aggravated his existing condition of ankylosing spondylitis, and has ultimately hastened the progression of this disease.

11. Mr. Hawthorne became disabled under the policy on or about September 11, 2017.

12. Mr. Hawthorne has qualified for long term disability under the Policy.

13. Mr. Hawthorne submitted a claim for long term disability benefits to Prudential on or around January 28, 2018.

14. By letter dated March 29, 2018, Prudential denied long term disability benefits.

15. Mr. Hawthorne appealed that determination on or around November 26, 2018.

16. Prudential overturned its determination by letter dated December 26, 2018. Prudential informed Mr. Hawthorne that he was entitled to benefits from March 10, 2018 through December 31, 2018.

17. By letter dated October 10, 2019, Mr. Hawthorne was informed that after review, his benefits were approved through December 31, 2019.

18. By letter dated March 3, 2020, Mr. Hawthorne was informed that he was denied further benefits, as of March 23, 2020, due to the fact that the medical information received did not support impairment that would prevent him from performing the material and substantial duties of any gainful employment.

19. Mr. Hawthorne exhausted his condition precedents under the Policy and Plan.

20. As a result of the foregoing, Mr. Hawthorne has suffered a loss in the form of unpaid benefits.

21. Mr. Hawthorne is entitled to a judgment against Prudential in the amount of the unpaid long term disability benefits under the Policy and Plan.

22. Mr. Hawthorne is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Mr. Hawthorne, requests the Court grant him the following relief from Defendant Prudential:

      a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

      b. An order reinstating his benefits and ordering that they be paid through coverage under the Plan and Policy.

      c. His costs and attorney's fees; and

      d. All other relief the Court may deem proper.

Dated: July 12, 2021

    /s/ Andrew S. Davis\_\_\_\_
Andrew Davis
LAMBERT COFFIN
Two Monument Square, Suite 400
Portland, Maine 04101
207.874.4000
adavis@lambertcoffin.com